STROOCK & STROOCK & LAVAN LLP
DANIEL A. ROZANSKY (State Bar No. 161647)
*drozansky@stroock.com*
ERIC F. HARBERT (State Bar No. 241144)
*eharbert@stroock.com*
BENJAMIN T. POTTER (State Bar No. 260588)
*bpotter@stroock.com*
2029 Century Park East, Suite 1600
Los Angeles, CA 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
E-Mail: *lacalendar@stroock.com*

Attorneys for Plaintiffs
 ARAMID ENTERTAINMENT FUND LIMITED and
 CAYMAN FILM HOLDINGS LIMITED

**NOTE CHANGES MADE BY THE COURT (pages 8 and 11)**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARAMID ENTERTAINMENT FUND LIMITED and CAYMAN FILM HOLDINGS LIMITED,<br><br>    Plaintiffs,<br><br>    vs.<br><br>DAVID BERGSTEIN and RONALD TUTOR,<br><br>    Defendants. | Case No. CV10-01881 JFW (PLAx)<br><br>[The Honorable Magistrate Judge Paul L. Abrams]<br><br>**PROTECTIVE ORDER**<br><br>Action Filed: March 16, 2010 |

LA 51282884

## 1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purposes other than prosecuting this litigation would be warranted. Accordingly, plaintiffs Aramid Entertainment Fund Limited and Cayman Film Holdings Limited (collectively "Plaintiffs") and defendants David Bergstein and Ronald Tutor (collectively "Defendants") petition the court to enter the following Protective Order for the pre-trial phase of this litigation. Plaintiffs and Defendants acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. Plaintiffs and Defendants further acknowledge, as set forth in Section 9, below, that this Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file materials under seal.

## 2. **DEFINITIONS**

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>Confidential Information</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Rule 26(c) of the Federal Rules of Civil Procedure.

- 1 -

LA 51282884

2.4 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential."

2.8 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9 <u>In-House Counsel</u>: attorneys who are employees of a Party.

2.10 <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel (as well as their support staffs).

2.11 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action who is not a past or current employee of a Party, and who, at the time of retention, is not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopy; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3. SCOPE**

3.1 <u>All Confidential Information Is To Be Protected</u>: The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

presentations by parties or counsel to or in court or in other settings that might reveal Protected Material. At trial and in other public proceedings before the district court, the parties agree to seek leave to file Protected Material under seal but recognize that the decision whether to seal any particular document lies with the district judge.

      3.2    <u>Categories Of Documents And Information Covered</u>: The parties are in the process of engaging in discovery that covers a wide range of subjects. The parties recognize the need to identify the types of documents and information subject to this Protective Order. The parties have identified the following categories of documents and information which require protection:

      (A)    <u>Financial And Other Identifying Information About Defendants</u>: Discovery in this action has implicated, and will continue to implicate, the production of documents that include personally identifying information, such as social security numbers and bank account numbers, about Defendants who are personal guarantors in this litigation.

      There are a number of Federal and State privacy laws designed to prevent the disclosure of confidential consumer information. <u>See</u> <u>e.g.</u> The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801; <u>see also</u> Cal. Fin. Code § 4051 (which notes that California law affords even greater privacy protections for consumers than the Gramm-Leach-Bliley Act); <u>see also</u> Cal. Civ. Code § 1798.85(a) (protecting disclosure of social security numbers). Federal courts have specifically protected personal consumer information from disclosure through use of protective orders. <u>See</u> <u>Coleman v. Schwarzenegger</u>, 2007 WL 4328476, *10 (E.D. Cal. 2007).

      Recognizing these laws, and understanding that production of this type of information is inevitable in this lawsuit, the parties wish to take all steps to guard against wide dissemination of this type of information.

      (B)    <u>Proprietary Business Information</u>: Discovery requests propounded thus far seek a number of types of proprietary business information from the Parties, including but not limited to, business plans, financial statements, internal procedures,

documents related to confidential communications and meetings with counseling industry participants and market studies. The Parties actively keep these types of documents, data and information private from others, especially their competitors. These documents took, or take, considerable time and expense to create, they are created and maintained for a specific business purpose, and they contain unique information. The confidentiality of this type of information is essential for the Parties to maintain their competitive edge in their industry.

Protection of confidential business information, plans and materials is common in litigation. See e.g. Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc., 242 F.R.D. 552, 555 (C.D. Cal. 2007) ("Fed.R.Civ.P. 26(c)(7) … allows for protection of 'confidential commercial information'") (citing Vesta Corset Co., Inc. v. Carmen Found., Inc., 1999 WL 13257, at *3 (S.D.N.Y. 1999) and Davis v. AT & T Corp., 1998 WL 912012, at *2 (W.D.N.Y. 1998)). In addition, other proprietary business information may be safeguarded though a protective order. See Miles v. Boeing Co., 154 F.R.D. 112, 114-15 (E.D. Pa. 1994) (entering protective order where information about defendant's competitive labor pricing, if made available to the general public, would allow competitors to examine defendant's production abilities); Sprinturf, Inc. v. Southwest Recreational Industries, Inc., 216 F.R.D. 320, 324 (E.D. Pa. 2003) (protecting information about defendant's market share, the impact of plaintiffs' requested relief on defendant's customers, and proprietary information regarding development of defendant's product line, the release of which competitors could exploit to undermine defendant's market position).

### 4. DESIGNATING PROTECTED MATERIAL

4.1 Exercise Of Restraint And Care In Designating Material For Protection: each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written

communications that qualify – so that other material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation, and provide substitute copies of documents with inappropriate designations removed.

   4.2 <u>Manner and Timing of Designations</u>:  except as otherwise provided in this Order (see, e.g., second paragraph of section 4.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

   Designation in conformity with this Order requires:

   (a) <u>For information in documentary form</u>: that the Producing Party affix the legend "CONFIDENTIAL" on each page that contains protected material.

   A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  A presumption of confidentiality remains in place for 30 days until the confidentiality designation is completed.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing party must affix the "CONFIDENTIAL" legend on each page that contains Protected Material.

   (b) <u>For testimony given in deposition</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, which is to be designated as

"CONFIDENTIAL."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 30 days after the reporter's mailing to counsel of the transcript to any party to identify the specific portions of the testimony as to which "CONFIDENTIAL" protection is sought.  Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Protective Order.

(c) <u>For information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, as "CONFIDENTIAL."

4.3 <u>Inadvertent Failures to Designate</u>:  if timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  A Receiving Party must make reasonable efforts including as provided in Federal Rules of Evidence Rule 502(b), to ensure that the material is treated in accordance with the provisions of this Order.

4.4 <u>Inadvertent Production Of Privileged Material</u>: Inadvertent production of materials protected by any privilege or immunity, including but not limited to the attorney-client privilege, the attorney work product doctrine, or any other applicable

privilege or immunity ("Privileged Materials"), shall not be deemed a waiver of said privilege or immunity. In the event that the Producing Party discovers it has inadvertently produced Privileged Materials, the Producing Party may demand return or destruction of all copies of the Privileged Materials by providing written notice of the demand to the Parties to which the Privileged Materials were produced. A Party receiving the notice shall have ten (10) business days to respond to the demand. If the Party receiving notice does not agree to the demand within that time, that Party shall provide a written response and available dates to hold a meet and confer session in anticipation of a motion to compel to be filed by the Producing Party. Any Party receiving a demand to return Privileged Materials shall segregate the Privileged Materials and any materials derived from the Privileged Materials, and shall not use or disclose them unless and until the Producing Party fails to timely file a motion to compel, or a timely-filed motion to compel is decided. Nothing within Section 4.4 of this Order herein shall contravene Federal Rules of Evidence Rule 502.

## 5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1   <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2   <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first. The meet and confer process shall not be deemed complete until the parties have reasonably attempted to conduct a voice to voice dialogue in addition to any written exchange that may have taken place on the subject.

5.3     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 37 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed **by Local Rule 37** and that sets forth with specificity the justification for the "CONFIDENTIAL" designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question "CONFIDENTIAL" protection under the Producing Party's designation.

**6.     ACCESS TO AND USE OF PROTECTED MATERIAL**

6.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 10, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2  **Disclosure of "CONFIDENTIAL" Information or Items.**  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and Professional Vendors who are reasonably necessary for the processing of the Protected Material, so long as they do not maintain their own copies of the Protected Material;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors of such reporters to whom disclosure is reasonably necessary for this litigation and who have been provided with a copy of this Order;

(f) during their deposition, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

(g) the author of the document or the original source of the information.

## 7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating

Party, in writing (by fax or email, if possible) immediately and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately thereafter inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or person to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 9. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order (denying a Party's request to file the Protected Material under seal) secured after appropriate notice to all interested persons, a Party may not file in the public record

in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rules 79-5 and 37**, and show good cause**.

### 10. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return to the Producing Party all Protected Material of the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material Notwithstanding this provision, Counsel are entitled to retain a single archival copy of all filed pleadings, even if such material contains Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

### 11. MISCELLANEOUS

11.1 <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

1  Protective Order.  Similarly, no Party waives any right to object on any ground to use
2  in evidence of any of the material covered by this Protective Order.
3
4  **IT IS SO ORDERED.**
5
6  Dated: July 20, 2010
                                        HONORABLE PAUL L. ABRAMS
                                        UNITED STATES MAGISTRATE JUDGE

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51282884                          - 12 -

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, [type full name] of _____ [type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of <u>Aramid Entertainment Fund Limited et al. v. David Bergstein et al.</u>, Case No. CV10-01881 JFW (PLAx).  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.  Unless otherwise noted immediately below, I, as a party, employee of a party, expert, or a person employed by Counsel agree that I shall be deemed to have designated the Counsel who hired or retained me with offices in California, as my California agent for service.

I hereby appoint _____ [type name] of _____ [type address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed:_____

Print Name:_____

Signature:_____

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51282884